IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL CHARLES HELMICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DISTRICT ATTORNEY OF WASHINGTON )<br>COUNTY, BARRY SMITH, *Superintendent* )<br>*State Correctional Institution at Houtzdale*, )<br>and ATTORNEY GENERAL OF THE )<br>STATE OF PENNSYLVANIA, )<br>)<br>Respondents. ) | Civil Action No. 19-722<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 38 |

**MEMORANDUM ORDER**

**I.   PROCEDURAL HISTORY**

Paul Charles Helmick ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Mercer ("SCI-Mercer") in Mercer, Pennsylvania. Petitioner initiated this action by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 1, in which he challenges his 2012 convictions in the Court of Common Pleas of Washington County, Pennsylvania, for: attempted homicide in violation of 18 Pa. C.S.A. §§ 901(a) and 2501; aggravated assault in violation of 18 Pa. C.S.A. § 2701(a)(1); aggravated assault with a deadly weapon in violation of 18 Pa. C.S.A. § 2702(a)(4); and burglary in violation of 18 Pa. C.S.A. § 3502(a). ECF No. 1 at 2. See also ECF No. 45.[1]

This Court initially denied the Petition seeking federal habeas relief on October 20, 2022. ECF Nos. 35-37. On November 16, 2022, Petitioner filed a Motion for Extension of Time to File

---

[1] Full consent of the parties to proceed before a United States Magistrate Judge was obtained on December 21, 2022. ECF Nos. 11, 29, and 43.

1

a Notice of Appeal and Petition for Reconsideration/Reargument to Court's Memorandum Opinion and Order to Petitioner's Writ of Habeas Corpus (the "Motion for Reconsideration"). ECF No 38. The undersigned construed this as a timely-filed Motion for Reconsideration under Rule 60, denied Petitioner's request to extend the appeal period as moot, and gave Petitioner 30 days to file a supporting brief. ECF No. 39. Petitioner timely submitted his supporting brief on December 19, 2022. ECF No. 40. Respondents were granted a period of time to respond, ECF No. 41, but did not do so.

On February 1, 2023, the initial Memorandum Opinion, Order, and Judgment Order were rescinded, ECF No. 44, and a Corrected Memorandum Opinion, Order, and new Judgment Order were issued. ECF Nos. 45-47.[2] Final Judgment was stayed pending resolution of the Motion for Reconsideration, and Petitioner was allowed an additional 30 days to supplement his brief. ECF No. 48 at 1. Petitioner's "Additional / Supplemental Arguments in Favor of Reconsideration in Support of Petitioner's Reargument" (the "Supplement") was received on March 3, 2023, and is deemed timely under the prisoner mailbox rule. ECF No. 49. On March 15, 2023, counsel entered his notice of appearance on behalf of Petitioner. ECF No. 50. To date, counsel has not submitted any other filing.

Petitioner's Motion for Reconsideration is ripe for adjudication.

---

[2] The Corrected Memorandum Opinion reflected that the date on which full consent of the parties to proceed before a United States Magistrate Judge was obtained on December 21, 2022. ECF Nos. 11, 29, and 43. The analysis of Petitioner's grounds for relief was not changed from the initial Memorandum Opinion. Compare ECF Nos. 35 and 45.

## II.    DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order, or proceeding. It does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Parker v. Hendricks, No. CV 03-0914, 2016 WL 1060413, at *2 (D.N.J. Mar. 17, 2016) (internal quotes and citation omitted). See also Balter v. United States, 410 F. App'x 428 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

This Court has reviewed Petitioner's Motion for Reconsideration and its supporting briefs, just as it considered the parties' pleadings, briefing, and the state court record when it adjudicated the claims in the Petition. Petitioner's Motion for Reconsideration, supporting brief, and Supplement appear, in large part, to rehash issues decided by this Court in the operative Corrected Memorandum Opinion, and to attempt to reincorporate aspects of claims that were found to be procedurally defaulted in order to bolster claims that were decided on the merits. Compare, e.g., ECF No 40 at 2-4 (arguing that the Court misinterpreted Petitioner's full argument at Ground 1, and erroneously did not address arguments related to evidence of his voluntary intoxication) with ECF No. 45 at 20 and n.6 (acknowledging that, though unclear, Petitioner might be attempting to raise such an argument at Ground 1, but that the same would be procedurally defaulted.).

While the Corrected Memorandum Opinion thoroughly addressed the procedural propriety and merits of Petitioner's asserted grounds for habeas relief, this Court will address two specific arguments raised by Petitioner out of an abundance of caution.

First, Petitioner argues that this Court's parsing of Ground 2 erroneously excluded an argument related to Petitioner's absence from an in-chambers conference regarding whether to

conduct *voir dire* of Juror Number 2. ECF No. 40 at 15-20. Petitioner alleges that this claim was exhausted by virtue of it having been raised in his appeal brief during his PCRA proceedings. Id. at 16. He is incorrect.

To the extent that Petitioner argues that his absence was a Fourteenth Amendment violation by the trial court, ECF No. 30-7 at 18-19, such a claim is defaulted because it was not raised on direct appeal. ECF No. 45 at 18 (discussing the issues raised by Petitioner on direct appeal). To the extent that he argues that his absence from the conference was the result of ineffective assistance of counsel, that issue never was presented to the Pennsylvania Superior Court in his appeal brief during his PCRA proceedings.

The fact that Petitioner did not raise the issue of his absence at the conference in his Statement of Questions Involved in his appeal brief, see ECF No. 30-7 at 10, is enough on its own to determine that the claim was not exhausted and is defaulted. Stringer v. Folino, No. 13-221, 2016 WL 836347, at *13-14 and n.16 (W.D. Pa. Feb. 1, 2016), report and recommendation adopted, 2016 WL 826016 (W.D. Pa. Mar. 3, 2016) (waiver due to petitioner's failure to recite claims in a Statement of Questions section in his state court appeal brief was independent and adequate ground for procedural default). But the substantive argument in Petitioner's brief on appeal does not relate to his lack or presence. Instead, Petitioner argues in his PCRA appeal brief not that relief should be based on his absence from the conference itself, but that his trial counsel was ineffective for opposing *voir dire* of Juror Number 2 and for failing to consult Petitioner on that decision. ECF No. 30-7 at 10, 17-19, and 24-25.

In order to exhaust a claim for federal habeas review, Petitioner must first have presented it to the state courts. See, e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996) (abrogated on other grounds by Beard v. Kindler, 558 U.S. 53,

60-61 (2009)); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). A review of Petitioner's PCRA appeal brief reveals that such a claim was not presented to the state courts for review. As such, the claim is not exhausted, and procedurally defaulted.

This Court addressed the merits of every ground for relief that Petitioner exhausted in the state court. His attempt to force review of his defaulted claims by mixing them in with exhausted claims is meritless, and will not be entertained.

Second, with respect to Ground 6, Petitioner submits new affidavits from Tammy Sprowls and James Hoban to supplement prior affidavits from these individuals. ECF No. 60 at 4-5 and 9-10. See also ECF No. 45 at 41-42 (citing ECF No. 18-1 at 188-89 and 196).

These new affidavits were signed in February of 2023 – well after Petitioner's PCRA proceedings were concluded. As such, it is apparent on their face that they never were presented to the state courts. It also is apparent from the record that the witnesses themselves are not new, but were known to Petitioner at least since the time of their initial affidavits in 2012. This new evidence is not properly before this Court, and may not be considered. See, e.g., Landrum v. Mitchell, 625 F.3d 905, 923-24 (6th Cir. 2010) (applying the requirements of 28 U.S.C § 2254(e) in the context of expanding the record under Rule 7 of the Rules Governing Section 2254 Cases).[3]

---

[3] 28 U.S.C. § 2254(e)(2) provides that:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

See also Holland v. Jackson, 542 U.S. 649, 652-53 (2004) (Evidence that is not part of the state court record may be subject to an evidentiary hearing in the district court "only if [the petitioner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." . . . . "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing.").

Finally, as was stated in the Corrected Memorandum Opinion:

> [I]n light of the overwhelming record evidence of his guilt – including Petitioner's admissions that he broke down the door of the victim's apartment, Trial Tr. dated July 18, 2012, ECF No. 34-3 at 26, saw the victim, id. at 27, "evidently" struck her with the sledgehammer, id. at 56-57, and the testimony regarding the injuries suffered by the victim, Trial Tr. dated July 17, 2012, ECF No. 34-2 at 43-44 and 67 – it was not unreasonable that the state courts concluded that Petitioner had failed to demonstrate prejudice for counsel's failure to call sur-rebuttal testimony on whether Petitioner had been violent with the victim in the past.

ECF No. 45 at 42.

Petitioner has not demonstrated entitlement to relief under Rule 60. The Motion for Reconsideration will be denied. Cox v. Horn, 757 F.3d 113, 123 (3d Cir. 2014) (noting that the circumstances warranting 60(b) relief would "rarely occur in the habeas context[.]") (quoting Gonzalez, 545 U.S. at 535).

A certificate of appealability will be denied, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and jurists of reason would not debate that Petitioner is not entitled to relief under Rule 60(b). See 28 U.S.C. § 2253(c)(2). See also Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

---

Petitioner has not met his burden to show that this Court can expand the record to consider these new affidavits.

## III. CONCLUSION

For the reasons set forth herein, the Motion for Reconsideration, ECF No. 38, will be denied. A certificate of appealability also will be denied. The stay of the operative Judgement Order, ECF No. 47, will be lifted.

AND NOW, this 30th day of March, 2023, IT IS HERBEY ORDERED, ADJUDGED, and DECREED that:

1. Petitioner's Motion for Extension of Time to File a Notice of Appeal and Petition for Reconsideration/Reargument to Court's Memorandum Opinion and Order to Petitioner's Writ of Habeas Corpus (the "Motion for Reconsideration"), ECF No. 38, is DENIED.

2. A certificate of appealability is DENIED.

3. Pursuant to Rule 58(a)(5), no separate judgment order shall issue.

4. The stay of the Judgment Order dated February 1, 2023, ECF No. 47, is LIFTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order, or from the underlying Order dated February 1, 2023, denying federal habeas relief, he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Petitioner is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

Dated: March 30, 2023

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: all counsel of record (*via* CM/ECF)